UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RANDALL MCDOUGALL, )<br>  )<br>Petitioner, )<br>  )<br>v. )<br>  )<br>FRANK VANIHEL, )<br>  )<br>Respondent. ) | No. 2:22-cv-00424-JPH-MJD |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Randall McDougall has petitioned for a writ of habeas corpus, challenging a prison disciplinary proceeding identified as No. WVE 22-06-0031. For the reasons below, Mr. McDougall's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

1

*Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On June 7, 2022, Sergeant A. Adams issued a report of conduct against Mr. McDougall:

> On 6-7-22 at approx. 1:45PM, I, Sgt. Adams along with Sgt.'s Brewer and Angeles was escorting an Incarcerated Individual back to his cell during GHU 100 Range Rec. When Incarcerated Individual McDougall, Randall #165684 began to interfere and become disorderly with us. "He stated we will take over this Rec Line." I ordered him to lock up once we got the other Incarcerated Individual back into his cell. I gave him another order to lock up at that time he did. He Also was placed on IHARSN.

*Id.* Sergeant Brewer submitted a witness statement that provides:

> On 6-7-2022, at approximately 1:15 P.M., I Sgt. R. Brewer, along with Sgt. A. Adams, and Sgt. E. Angeles were working the North Yard for GHU 100 Range outdoor recreation when we noticed that Incarcerated Individual McCloud, Jeffery #120679, who resides in cell G-211, was outside for recreation. We escorted I.I. McCloud back into the left wing of GHU in order to return him to his assigned cell. I.I. McCloud became disorderly and refused to return to his cell. I.I. Tunis, Michael #178365 and I.I. McDougall, Randall #165684 also became disorderly making threatening statements. All I.I.'s were returned to their assigned cells and placed in IHARS.

Dkt. 6-2. Sergeant Angeles also submitted the following witness statement:

> On 6-07-22, at approximately 1:15 P.M. I, Sgt. E. Angeles, along with Sgt. Adams, and Sgt. Brewer were working the North Yard for GHU Range outdoor recreation when we noticed that I.I McCloud, Jeffery #120679, who resides in cell G-211, was outside for recreation. We escorted I.I McCloud back into the left wing of GHU in order to return him to his assigned cell. I.I. McCloud became disorderly and refused to return to his cell. I.I. Tunis, Michael #178365 and I.I. McDougall, Randall #165684 also became disorderly making threatening statements. All I.I's were returned to their assigned cell and placed on IHARS.

Dkt. 6-3.

Mr. McDougall was notified of the charge on June 13, 2022, when he received the Screening Report. Dkt. 6-4. The conduct report initially charged Mr. McDougall with Interfering with Staff in violation of Code B252, but the parties agree that the screening officer modified the charge to Disorderly Conduct in violation of Code 236. Dkt. 6-1; dkt. 1 at 3; dkt. 6 at 3. Mr. McDougall requested and was provided a lay advocate and listed Mr. McCloud and Mr. Tunis as witnesses. Dkt. 6-4, 6-5. Mr. McDougall pleaded not guilty. Dkt. 6-4.

Mr. McCloud's statement was that "McDougall did not have anything to do with what was going on he was just trying to go up stair to shower it was the end of rec." Dkt. 6-9. Mr. Tunis stated: "McDougall didn't have anything at all to do with it. He was just trapped between us all when it happened. He was just an innocent [bystander] and should not get in trouble for our stupidity." Dkt. 6-8.

Mr. McDougall also requested the security video, stating that it would show that he was only standing at the bottom of the stairs. Dkt. 6-4. The hearing officer reviewed the video and prepared the following summary:

> 01:48:26pm- time on video- GHU Left Wing Incarcerated Individual McDougall, Randall 165684 exits cell 104 walks to the bottom of the stairs. Sgt Angeles, Sgt. Adams, and one other staff are on the stairs with II McCloud 120679 and II Tunis 178365. Sgt Angeles is trying to get II McCloud to go to his cell. Sgt Adams is trying to keep II Tunis from going up stairs. II Tunis comes down the stairs and stands next to II McDougall at the bottom of the stairs. II Tunis appears to be arguing with Sgt. Adams. II Tunis takes a couple of steps away. Then Sgt. Adams and II McDougall appear to be arguing. Sgt. Adams then turns his head away from II McDougall and appears to be arguing with II Tunis again. II McDougall turns his body sideways to Sgt Adams and takes a step forward as if he is getting ready to throw a punch. II McDougall stands like this for a few seconds, then takes a couple steps away. Sgt Adams walks across the day room following II Tunis towards cell 117.

3

> 01:49:58pm- II McDougall starts walking up the stairs, he goes three fourths the way up the stairs, then turns around and comes down stairs. II McDougall walks to the center of the day room. Sgt Adams secures II Tunis cell 117, then starts back across the day room. II McDougall starts walking toward the outside fire door. Sgt Adams follows II McDougall back across the day room. Sgt Adams appears to be communicating with II McDougall. II McDougal enters cell 104 and the door is secured.

Dkt. 6-7.

A hearing was held on June 20, 2022. Dkt. 6-6. The hearing officer included Mr. McDougall's statement, "I feel should be dropped to something less than that. I was trying to talk the situation down and to keep everyone from getting in trouble." *Id.* Based on staff reports, the statement of Mr. McDougall, evidence from witnesses, and the video, the hearing officer determined that Mr. McDougall was guilty of Disorderly Conduct in violation of Code B236. *Id.* The sanctions imposed included a written reprimand, loss of phone privileges, the deprivation of 90 days of earned credit time, and a credit class demotion. *Id.*

Mr. McDougall appealed to the Facility Head, who modified the charge back to a violation of Interference with Staff in violation of Code B252 without changing the sanctions. Dkt. 6-10. Mr. McDougall then appealed to the IDOC Final Reviewing Authority, who denied the appeal. Dkt. 6-11, 6-12. He then brought this habeas petition under 28 U.S.C. § 2254. Dkt. 1.

### C. Analysis

Mr. McDougall challenges the disciplinary action against him arguing that: (1) he was denied due process when the Facility Head modified the charge from B236 Disorderly Conduct to B252 Interfering with Staff and (2) the evidence was insufficient to support the charge.

4

### 1. Modification of the Charge

Mr. McDougall asserts that the modification of the charge against him on appeal violated his right to notice of the charges. Dkt. 1 at 3. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995).

Notice is adequate if it includes enough facts to inform an inmate that he could be subject to a charge, even if the notice specifies a charge different from that of which the inmate is eventually found guilty. *See Northern*, 326 F.3d at 910–11. Therefore, in *Northern*, the Seventh Circuit found that a petitioner was given adequate notice of the charges when he was charged and found guilty of conspiracy for smuggling tobacco into the prison, but the reviewing authority changed the charge to "attempted trafficking." *Id.* at 910. The court explained that "because the factual basis of the investigation report gave Northern all the information he needed to defend against the trafficking charges, the reviewing authority's modification did not deprive Northern of his due process rights." *Id.* at 911.

The same is true here. The conduct report originally charged Mr. McDougall with Interfering with Staff in violation of Code B252, which is defined as: "Interfering with a staff member in the performance of his/her duties." Dkt.

5

6-13 at 10. The screening officer modified the charge to a violation of Code B236, Disorderly Conduct, which is defined as "Exhibiting conduct which disrupts the security of the facility or other area in which the offender is located." Dkt. 6-13 at 8. The Conduct Report's recitation of the facts on which the charge was based included that Mr. McDougall "began to interfer[e] and became disorderly." Dkt. 6-1. That procedural history and description of the facts underlying the charge is enough to put Mr. McDougall on notice of the B252 charge that his conviction was changed to on appeal, and to allow him an adequate defense. *Northern*, 326 F.3d at 911 ("[B]ecause the factual basis of the investigation report gave Northern all the information he needed to defend against the trafficking charges, the reviewing authority's modification did not deprive Northern of his due process rights."). Indeed, Mr. McDougall's statements in his defense and his witnesses' statements were relevant to either charge. *See* dkt. 6-6; dkt. 6-8; dkt. 6-9.

Mr. McDougall has therefore failed to show that he was denied adequate notice of the charges.

### 2. Sufficiency of the Evidence

Mr. McDougall also argues that the evidence was not sufficient to support the charge of interfering with staff. In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could

support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012).

An inmate violates Code B252 by "[i]nterfering with a staff member in the performance of his/her duties." Dkt. 6-13 at 10. Sergeants Adams, Brewer, and Angeles stated that Mr. McDougall disrupted their effort to return another inmate to his cell and that Mr. McDougall made threatening comments during the process. Dkt. 6-1; dkt. 6-2; dkt. 6-3. The security video is not inconsistent with these accounts. *See* dkt. 12. This evidence therefore constitutes "some evidence" that Mr. McDougall interfered with a staff member in the performance of their duties in violation of Code B-252. *See Hill*, 472 U.S. at 454. That is sufficient to support the disciplinary conviction.

### D. Conclusion

Mr. McDougall's petition for a writ of habeas corpus is **denied**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 5/22/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RANDALL MCDOUGALL
165684
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

7

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov